

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS, | § § | |
| Plaintiff, | § § | Civil Action No. 4:18-cv-00649-A |
| vs. | § § | |
| PREMIER REHAB, P.L.L.C. | § § | AMENDED COMPLAINT |
| Defendant. | § § | Jury Trial Demanded |

## AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff, JANE CUMMINGS, hereby files this Amended Complaint pursuant to Rule 15(a)(1)(A) against Defendant, PREMIER REHAB KELLER, P.L.L.C. d/b/a PREMIER REHAB, P.L.L.C. and, in support of her claims, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Jane Cummings has been deaf since birth. Her deafness impacted her ability to learn and acquire language from an early age. As a result, she has difficulty communicating in English. Plaintiff also suffers from a visual impairment caused by her condition of albinism, which has resulted in Plaintiff's being legally blind. Defendant is a rehabilitation physical therapy center with locations in Fort Worth, Keller, The Colony, and North Richland Hills, Texas.

2. Defendant has both hindered and prevented Plaintiff from benefitting from its services, and has discriminated against Plaintiff unlawfully on the basis of Plaintiff's disability of

deafness by refusing to provide the ASL interpreters that Plaintiff requires to attend, understand, and participate in appointments at Defendant's facilities.

3. Based on Plaintiff's allegations herein, it is evident that Defendant has failed to implement policies, procedures, and practices respecting the civil rights and communication needs of deaf individuals. Plaintiff brings this lawsuit to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's services.

4. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and exemplary damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of Plaintiff's disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"); Section 1557 of the Patient Protection and Affordable Care Act, and Section 121.003 of the Texas Human Resources Code, and other state and common law causes of action.

## THE PARTIES

5. Plaintiff JANE CUMMINGS brings this action as a resident of Fort Worth, Texas. Plaintiff is a profoundly deaf individual who primarily communicates in American Sign Language. She is also legally blind as a result of the congenital disorder of albinism. She is an individual with a disability within the meaning of federal and state civil rights laws.

6. Defendant, **PREMIER REHAB KELLER, P.L.L.C. d/b/a PREMIER REHAB, P.L.L.C**, is a business located in the Dallas-Fort Worth mid-cities areas with its office in Keller, Texas, that provides rehabilitation physical therapy services. **Defendant may be served by serving its registered agent, namely, Kelly A. McFarland, located at 5060 Davis Blvd., North Richland Hills, TX 76180.** Upon information and belief, Defendant is a recipient of federal

financial assistance, including Medicare and/or Medicaid reimbursements.

## JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the laws of the United States, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under state and local laws.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because both Plaintiff and Defendant are residents of this District. Additionally, the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

9. Plaintiff is a profoundly deaf individual whose first and primary language is American Sign Language ("ASL").

10. Plaintiff has limited English proficiency (both spoken and written) as a result of her disability.

11. Plaintiff suffers from the congenital disorder of albinism. As a result of her albinism, Plaintiff is legally blind.

12. Because of the severity of her visual impairment, Plaintiff struggles to read written text. Writing is not an effective mode of communication for Plaintiff.

13. As a result of a work injury and arthritis in her lower back, Plaintiff struggles from substantial and chronic back pain.

14. Plaintiff was referred to Defendant's facilities by her treating physician Dr. Stephens. Dr. Stephens informed Plaintiff that he selected Defendant because they are the best rehabilitation clinic in the area.

15. October 27, 2016, Plaintiff contacted Defendant to make an appointment to receive

physical therapy in Defendant's facilities and to request an ASL interpreter for that appointment. She also made a suggestion of an interpreter agency that Defendant could contact to schedule an interpreter.

16. Defendant informed Plaintiff that it would not provide an interpreter, but that Plaintiff could attend the appointment without an interpreter or with an interpreter that she brought for herself. Defendant stated that its staff could communicate with Plaintiff through written notes, lip-reading, and gesturing.

17. During this conversation, Plaintiff explained that those methods would not work for her as a result of her vison problems, but Defendant maintained its refusal. As a result, Plaintiff was forced to request a secondary referral from her doctor. Plaintiff received unsatisfactory care at the secondary therapy center.

18. Plaintiff began seeing a second doctor for pain management, Dr. Christopher Tucker, who also referred Plaintiff to Defendant for therapy services. Dr. Tucker affirmed that Defendant provides the best physical therapy services in the area.

19. On November 2, 2016, Plaintiff again contacted Defendant to make an appointment and to request an interpreter. Defendant again refused to provide Plaintiff with an interpreter and told her to look for a different physical therapy center that provided interpreters. As a result, Plaintiff was unable to use Defendant's services.

20. Plaintiff requested an interpreter from Defendant and had her request denied for a third time on February 28, 2017.

21. Instead, Plaintiff was forced to live with ongoing back pain as a result of her inability to receive quality therapy services.

22. Because she was denied services in Defendant's facilities as a result of Defendant's

refusal to provide an interpreter, Plaintiff was forced to seek out the services of two other physical therapy clinics.

23. Plaintiff had to undergo spinal surgery on December 18, 2018 as a result of the severity of her back problems.

24. Plaintiff is entitled to equal access to services offered by Defendant as are enjoyed by non-disabled persons.

25. Defendant's failure to accommodate Plaintiff's disability deprived Plaintiff of the opportunity to receive prompt and effective care.

26. Defendant has intentionally prevented Ms. Cummings from benefitting from its services by failing to provide the ASL interpreters necessary for her participation and care.

27. Defendant discriminated against Plaintiff with deliberate indifference to her rights and to her communication needs, causing Plaintiff to suffer humiliation, frustration, and emotional distress.

28. Plaintiff still wishes to access Defendant's services and receive care in Defendant's facilities, but is being prevented from doing so by Defendant's discrimination against her on the basis of her disability.

## **CLAIM I: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

29. Plaintiff repeats and re-alleges all preceding paragraphs in support of this claim.

30. At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq., has been in full force and effect and has applied to Defendant's conduct.

31. Defendant owns, leases, and/or operates a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7) (D).

32. At all times relevant to this action, Plaintiff has been substantially limited in the

major life activities of hearing, speaking, and seeing and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

33. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

34. Title III of the ADA provides that "[i]t shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

35. Title III of the ADA provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

36. Title III of the ADA provides that "[i]t shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is

as effective as that provided to others." 42 U.S.C. § 12182(b)(1)(A)(iii).

37. Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1).

38. Title III of the ADA mandates that public accommodations "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii); see also Cal. Civ. Code § 51.5; Cal Civ. Code § 54.1.

39. Pursuant to Title III of the ADA, Defendant has an affirmative duty to provide accommodations for Ms. Cummings so that she may participate in Defendant's services as would any other non-disabled participant.

40. The ADA and its promulgating regulations specifically instruct that the type of auxiliary aid or service provided shall be based on the "method of communication used by the individual, the nature, length, and complexity of the communication involve, and the context in which the communication is taking place," rather affordability of the auxiliary aid or service. 28 C.F.R. §36.303(c)(1)(ii).

41. Defendant discriminated against Plaintiff, on the basis of her disability, in violation of Title III of the ADA and its implementing regulations.

42. As set out above, injunctive relief is warranted to ensure that Defendant's actions will not recur with Plaintiff and/or additional deaf or albino persons.

43. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1), and/or common law.

## **CLAIM II: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

44. Plaintiff repeats and re-alleges all preceding paragraphs in support of this claim.

45. At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 was in full force and effect and applied to the Defendant's conduct.

46. At all times relevant to this action, Plaintiff has had substantial impairment to the major life activities of hearing, speaking, and seeing within the meaning of the Rehabilitation Act regulations at 45 C.F.R. § 84.3(j). Accordingly, she is an individual with a disability as defined under 29 U.S.C. § 708(20)(B), Section 504, as amended.

47. At all times relevant to this action, Defendant has received federal funds, and has therefore been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

48. Pursuant to Section 504, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

49. Defendant has discriminated and continues to discriminate against Plaintiff solely on the basis of her disability by denying her meaningful access to the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of Section 504 of the Rehabilitation Act. 29 U.S.C. § 794.

50. Defendant further discriminated against the individual Plaintiff by failing to ensure effective communication through the specific provision of qualified in-person interpreters.

51. Plaintiff is therefore entitled to compensatory damages, injunctive relief, and an

award of attorney's fees, costs, and disbursements, pursuant to 29 U.S.C. § 794(a).

## CLAIM III: VIOLATIONS OF SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

52. Plaintiff repeats and re-alleges all preceding paragraphs in support of this claim.

53. At all times relevant to this action, Section 1557 of the Patient Protection and Affordable Care Act ("Section 1557"), 42 USC § 18116 was in full force and effect and applied to the Defendant's conduct.

54. At all times relevant to this action, Section 1557, 42 USC § 18116, incorporated the definition of disability in the Rehabilitation Act, 29 U.S.C. §705(9).

55. At all times relevant to this action, Plaintiff had substantial limitations to the major life activity of hearing, speaking, and seeing and was an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9) and of Section 1557, 42 USC § 18116.

56. At all times relevant to this action, Plaintiff's primary language for communication was American Sign Language and not English; and Plaintiff had limited ability to read, write, speak, or understand English, and was an individual with limited English proficiency within the meaning of Section 1557, 45 C.F.R. §92.4.

57. At all times relevant to this action, Defendant received federal financial assistance, including Medicare reimbursements, and was principally engaged in the business of providing rehabilitation physical therapy services. Therefore, Defendant is a health program or activity receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

58. Pursuant to Section 1557, "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance . . ." 42 USC §

18116.

59. Defendant has discriminated and continues to discriminate against Plaintiff solely on the basis of her disability and her limited English proficiency by denying her meaningful access to the services, programs, and benefits Defendant offers to other individuals by refusing to provide auxiliary aids and services necessary to ensure effective communication in violation of Section 1557, 42 U.S.C. § 18116.

60. Defendant discriminated against Plaintiff by failing to ensure effective communication through the providing of qualified sign language interpreters.

61. Absent injunctive relief there is a clear risk that Defendant's actions will recur again with Plaintiff and other Deaf or albino patients.

62. Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss they sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 42 U.S.C. §18116(a).

63. Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to 42 U.S.C. § 18116(a), the Rehabilitation Act, 29 U.S.C. §794(a).

## CLAIM IV: VIOLATIONS OF THE TEXAS HUMAN RESOURCES CODE § 121.003

64. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

65. At all times relevant to this action, Plaintiff was substantially limited in the major life activities of hearing and speaking. Accordingly, she is an individual with a disability as defined under Chapter 121 of the Texas Human Resources Code, § 121.002(4) (D)-(E).

66. Defendant owns, leases, and/or operates a place of public accommodation as defined under Chapter 21 § 121.002(5).

67. Chapter 121 of the Texas Human Resources Code provides that "[p]ersons with disabilities have the same right as persons without disabilities to the full use and enjoyment of any public facility in the state." Tex. Hum. Res. Code § 121.003(a).

68. Chapter 121 defines "discrimination" as a failure to "make reasonable accommodations in policies, practices, and procedures; or provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility." Id. § 121.003(d)(2)-(3).

69. Defendant failed to provide the auxiliary aids and services necessary to accommodate Ms. Cummings disability.

70. For the reasons described above, Defendant failed to make reasonable accommodations for Plaintiff in the form of the auxiliary aids and services necessary to accommodate her disability. In doing so, Defendant denied Plaintiff access to its services in the same manner that they are provided to non-disabled individuals. Accordingly, Defendant violated Plaintiff's rights pursuant to Chapter 121 of the THRC.

71. Chapter 121 of the THRC provides that an individual may seek a civil remedy in a court of competent jurisdiction if she has been denied access to any public facility or service or if an entity has failed to provide him with reasonable accommodations. Id. §121.003-121.004.

72. Under Chapter 121 any public or private organization that violates the provisions of Section 121.003, "is deemed to have deprived a person with a disability of his or her civil liberties. The person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and there is a conclusive presumption of damages in the amount of at least $300 to the person with a disability." Id. § 121.0004(b).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act, Section 504 of the RA, Section 1557 of the Patient Protection and Affordable Care Act, and Section 121.003 of the Texas Human Resources Code.

b. Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that discriminates against deaf and hard-of-hearing individuals, or individuals with partial blindness caused by albinism;

c. Order Defendant:

  i. to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

  ii. to develop, implement, promulgate, and comply with a policy to ensure that Defendant will consider the communication needs of deaf individuals who seek Defendant's goods and/or services and will affirmatively work with deaf individuals to provide effective auxiliary aids and services to make their services accessible;

  iii. to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf, hard of hearing, or who suffer from visual impairments as a result of albinism under the ADA and other federal, state, and local civil rights laws.

d. Award to Plaintiff:

i. Compensatory damages pursuant to Title III of the ADA, Section 504 of the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, and Section 121.003 of the Texas Human Resources Code;

ii. Reasonable costs and attorneys' fees pursuant to the ADA, the RA, the ACA and the THRC;

iii. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

iv. Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated: October 22, 2018                                         Respectfully submitted,

*/s/ Andrew Rozynski*
Andrew Rozynski, Esq.
NY# 5054465
arozynski@eandblaw.com

**EISENBERG & BAUM, LLP**
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
arozynski@eandblaw.com

*[signature]*
Thomas S. Brandon, Jr.
Texas Bar No. 02881400
tbrandon@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce St., Suite 3500
Fort Worth, TX 76102
(817) 878-0500 (main)
(817) 878-0532 (direct)
(817) 878-0501 (fax)

**ATTORNEYS FOR PLAINTIFF, JANE CUMMINGS**