IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH, DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:18-cv-00649-A |
| PREMIER REHAB, P.L.L.C. | § § § | |
| Defendant. | § | |

---

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
(DOCKET NO. 11) FOR LACK OF SUBJECT MATTER JURISDICTION
AND FAILURE TO STATE A CLAIM AND BRIEF IN SUPPORT**

---

Respectfully submitted,
Brian Scott Bradley
State Bar No. 90001672
sbradley@watsoncaraway.com
**WATSON, CARAWAY,
MIDKIFF & LUNINGHAM, LLP**
309 West 7th Street
1600 Oil & Gas Building
Fort Worth, Texas  76102
Ph: (817) 870-1717 | Fax: (817) 338-4842
**ATTORNEY FOR DEFENDANT
PREMIER REHAB KELLER, PLLC**

TABLE OF CONTENTS

PAGE

INDEX OF AUTHORITIES ............................................................................................................. iii

MOTION ........................................................................................................................................ 1

BRIEF IN SUPPORT ....................................................................................................................... 2

    A.  Introduction ................................................................................................................. 2

    B.  Plaintiff's Specific Factual Allegations ....................................................................... 2

ARGUMENTS AND AUTHORITIES ................................................................................................. 3

    I.     THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS BECAUSE, AS A MATTER OF LAW, PLAINTIFF LACKS STANDING AND HAS SUFFERED NO INJURY FOR WHICH THIS COURT CAN PROVIDE RELIEF UNDER FEDERAL LAW ............................................................................................... 3

         A.     Applicable Law—FED. R. CIV. P. 12(b)(1) ................................................... 3

         B.     Plaintiff Lacks Standing Under The ADA Because Her Pleading Negates That She Had Actual Knowledge That Defendant Would Not Accommodate Her Disability of Deafness. ........................................... 4

         C.     Plaintiff Also Lacks Standing Under The ADA, Rehabilitation Act And Affordable Care Act Because The Alleged Future Injury Is Entirely Speculative And, Consequently, Cannot Support Injunctive Relief. ....................................................................................... 6

    II.    BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS, AS A MATTER OF LAW THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM. ........................................................................ 7

    III.   EVEN ASSUMING, ARGUENDO, THE EXISTENCE OF STANDING AND SUBJECT MATTER JURISDICTION, PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED. ................................................................................................. 8

         A.  Applicable Law—FED. R. CIV. P. 12(b)(6) ................................................... 8

         B.  Plaintiff Fails To State A Claim Under The ADA And Rehabilitation Act Because The Law Does Not Guarantee Her The Accommodation Of Her Choice. ............................................................................................ 9

   C. Plaintiff Fails To State A Claim Under The Affordable Care Act Because She Was Never Deprived Of Auxiliary Aids And Services. ..............11

   D. Plaintiff Fails To State A Claim Under State Law. ..........................................11

 IV. ASSUMING, ARGUENDO, THAT THE COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS, BUT THAT THOSE CLAIMS FAIL TO STATE A CLAIM UNDER RULE 12(b)(6), THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM. ..................................................................................................................12

CONCLUSION AND REQUESTED RELIEF .......................................................................................12

## INDEX OF AUTHORITIES

**PAGE(S)**

**CASES:**

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006) ................................................................................................3

*Arena v. Graybar Elec. Co.*,
  669 F.3d 214 (5th Cir. 2012) ..................................................................................3

*Armstrong v. Turmer Indus., Inc.*,
  141 F.3d 554 (5th Cir, 1998) ..................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................8, 9

*Bentancourt v. Federated Dept. Stores*,
  732 F.Supp.2d 693 (W.D. Tex. 2010) ....................................................................4

*Brookshire Bros Holding v. Dayco Prods.*,
  554 F.3d 595 (5th Cir. 2009) ................................................................................12

*Campbell v. Lamar Institute of Technology*,
  842 F.3d 375 (5th. Cir. 2016) ...............................................................................10

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) .............................................................................................6, 7

*Cox v. City of Dallas, Tex.*,
  256 F.3d 281 (5th Cir. 2001) ..............................................................................4, 7

*Cuvillier v. Taylor*,
  503 F.3d 397 (5th Cir. 2007) .............................................................................8, 9

*Dabney v. Highland Park Indep. Sch. Dist.*,
  Civil Action No. 3:15-CV-2122-L, 2016 U.S. Dist. LEXIS 44302, at *14
  (N.D. Tex. 2016) ...................................................................................................11

*Deutsch v. Annis Enterprises, Inc.*,
  882 F.3d 169, 174 (5th Cir. 2018) .........................................................................7

*Frame v. City of Arlington*,
  657 F.3d 215 (5th Cir. 2011) ....................................................................6, 7, 9, 10

|  | PAGE(S) |
|---|---|
| *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011) | 8 |
| *Irwin v. Veterans' Admin.*, 874 F.2d 1092 (5th Cir. 1989), *affd sub. nom.*, *Irwin v. Dept. Vet. Affairs*, 498 U.S. 89 (1990) | 8 |
| *Kemp v. Holder*, 610 F.3d 231 (5th Cir. 2010) | 9 |
| *Liese v. Indian River County Hosp. Dist.*, 701 F.3d 334 (11th Cir. 2012) | 10 |
| *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1962) | 3, 4, 7 |
| *MacClymonds v. IMI Investments, Inc.*, No. H-05-2595, 2007 U.S. Dist. LEXIS 40019, at *23-24 (S.D. Tex. 2007) | 12 |
| *Martin v. Halifax Healthcare System, Inc.*, 621 Fed. App'x. 594 (11th Cir. 2015) | 10 |
| *Martinson v. Via Metro. Transit*, No. SA-05-CV-0341-RF, 2006 U.S. Dist. LEXIS 80555, at *17-18 (W.D. Tex. 2006) | 12 |
| *Pace v. Bogalusa City Sch Bd.*, 403 F.3d 272 (5th Cir. 2005) | 9 |
| *Pickem v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 (9th Cir. 2002) | 5, 6 |
| *Ramos v. Uber Technologies, Inc.*, Civil Action No. SA-14-CA-502-XR, 2015 U.S. Dist. LEXIS 20914, at *20 (W.D. Tex. 2015) | 5, 6 |
| *Robinson v. TCI/US West Comm., Inc.*, 117 F.3d 900 (5th Cir. 1997) | 3 |
| *S.R.P. v. United States*, 676 F.3d 329 (3d Cir. 2012) | 3 |
| *Sadik v. Univ. of Houston*, No. H-03-4296, 2005 U.S. Dist. LEXIS 50074, at *27 (S.D. Tex. 2005) | 11 |
| *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26 (1976) | 4 |

|  | PAGE(S) |
|---|---|
| *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016) | 6 |
| *Steel Co. v. Citizens for a Better Environment*, 532 U.S. 83 (1998) | 4 |
| *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir. 2000) | 5-6 |
| *Tracy v. Bragg*, No. EP-11-CV-252-PRM, 2011 U.S. Dist. LEXIS 137653, at *5 (W.D. Tex. 2011) | 3 |
| *Walch v. Adjutant Gen. Dept. of Tex.*, 533 F.3d 289 (5th Cir. 2008) | 3 |

**OTHER AUTHORITIES:**

| | |
|---|---|
| 28 C.F.R. § 303 | 5 |
| 28 C.F.R. § 36.303(c)(1) | 9 |
| 28 U.S.C. § 1367(a) | 7 |
| 29 U.S.C. § 794(a) | 9, 10 |
| 42 U.S.C. § 12188 | 4 |
| 42 U.S.C. § 12188(a)(1) | 4 |
| 42 U.S.C. § 12201(a) | 10 |
| 42 U.S.C. § 12182(a) | 9 |
| 42 U.S.C. § 12101(a) | 4 |
| 45 C.F.R. § 92.4 | 11 |
| *Fed. R. Civ. P.* 12(b)(l) | 3 |
| *Fed. R. Civ. P.* 12(b)(6) | 8 |
| *Fed. R. Civ. P.* 12(h)(3) | 3 |
| TEX. HUM. RES. CODE, § 121.003 | 11 |

## MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Premier Rehab Keller, PLLC ("Premier") ("Defendant") respectfully moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. The motion is based on the following grounds.

As a matter of law, the Court lacks subject matter jurisdiction over Plaintiff's federal claims because Plaintiff lacks standing to bring suit. Because the Court has no original subject matter jurisdiction, the Court lacks supplemental jurisdiction over Plaintiff's state law claims.

Alternatively, assuming, arguendo, Plaintiff has standing and the Court has subject matter jurisdiction, the Amended Complaint should be dismissed because it fails to state a claim on which relief can be granted, either under federal law or state law.

If Plaintiff's federal claims are dismissed under Rule 12(b)(6), the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

1

## **BRIEF IN SUPPORT**

### A. Introduction

This is a lawsuit purportedly brought by Plaintiff under Title III of the Americans With Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act ("Affordable Care Act"), and Section 121.003 of the Texas Human Resources Code. Plaintiff, who claims to be "profoundly deaf" (Docket No. 11, ¶ 5), contends that Defendant discriminated against her unlawfully on the basis of Plaintiff's disability of deafness. Specifically, Plaintiff claims she could not attend physical therapy rehabilitation services at Defendant's facility because Defendant allegedly refused to provide an American Sign Language ("ASL") interpreter.

### B. Plaintiff's Specific Factual Allegations

Plaintiff alleges that as a result of a work injury and arthritis, Plaintiff suffered from chronic back pain. (Docket No. 11, ¶ 13). Plaintiff claims she was referred to Defendant by her physicians on multiple occasions (Id., ¶ 14, 18), and in each instance she claims to have demanded that Defendant accommodate her disability by providing an ASL interpreter. (Id., ¶ 15, 19, 20). Defendant allegedly informed Plaintiff its staff could accommodate her disability and effectively communicate with Plaintiff using alternate methods and aids, including written notes and visual demonstrations. (Id., ¶ 16). Plaintiff never scheduled an appointment for physical therapy services with Defendant, allegedly as a result of Defendant's alleged refusal to provide a live ASL interpreter. (Id., ¶ 17). Subsequent to Plaintiff's contact with Defendant, Plaintiff allegedly received services from two other physical therapy providers and underwent back surgery. (Id., ¶ 22, 23).

2

## ARGUMENT & AUTHORITIES

I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS BECAUSE, AS A MATTER OF LAW, PLAINTIFF LACKS STANDING AND HAS SUFFERED NO INJURY FOR WHICH THIS COURT CAN PROVIDE RELIEF UNDER FEDERAL LAW.

### A. Applicable Law—FED. R. CIV. P. 12(b)(1)

Lack of subject matter jurisdiction is a fundamental defect which cannot be waived and can be raised at any time, even for the first time on appeal. *E.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012); FED. R. CIV. P. 12(h)(3). Once, as here, a defendant seeks dismissal of a claim for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing the existence of subject matter jurisdiction by a preponderance of the evidence. *E.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1962); *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Irwin v. Veterans' Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub. nom.*, *Irwin v. Dept. Vet. Affairs*, 498 U.S. 89 (1990) (preponderance of evidence). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Walch v. Adjutant Gen. Dept. of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008) (quoting *Robinson v. TCI/US West Comm., Inc.*, 117 F.3d 900, 904 (5th Cir. 1997); *Tracy v. Bragg*, No. EP-11-CV-252-PRM, 2011 U.S. Dist. LEXIS 137653, at *5 (W.D. Tex. 2011). The allegations in a plaintiff's pleading are not controlling. *E.g., S.R.P. v. United States*, 676 F.3d 329, 343 (3d Cir. 2012) ("The district court is the ultimate finder of fact on the jurisdictional question and is thus entitled to draw inferences in favor of the defendant if it determines that the evidence warrants such inferences.").

### B. Plaintiff Lacks Standing Under The ADA Because Her Pleading Negates That She Had Actual Knowledge That Defendant Would Not Accommodate Her Disability of Deafness.

Before the merits of a case may be addressed, a court must find that a plaintiff has standing. *Steel Co. v. Citizens for a Better Environment*, 532 U.S. 83, 93-102 (1998); *Cox v. City of Dallas, Tex.*, 256 F.3d 281, 303 (5th Cir. 2001). Standing is an issue of subject matter jurisdiction. *Id.* To demonstrate the "irreducible minimum of standing," a plaintiff must show an (1) injury in fact, (2) causation and (3) redressability for each claim. *Cox*, 256 F.3d at 303. The injury in fact requirement is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61.

To demonstrate causation, the plaintiff must show that the injury is "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] independent action of some third party not before the court." *Cox*, 256 F. 3d at 304, *quoting Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). To prove redressability, the plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable judicial decision." *Id.*

Title III of the ADA prohibits discrimination against persons with disabilities by places of public accommodation and services operated by private entities. 42 U.S.C. §12101(a). The only relief to which a plaintiff is entitled for violations of Title III is injunctive relief. 42 U.S.C. §12188(a)(l). Therefore, to obtain injunctive relief under Title III of the ADA, a plaintiff must have standing. *Bentancourt v. Federated Dept. Stores*, 732 F.Supp.2d 693 (W.D. Tex. 2010).

The ADA expressly recognizes that a plaintiff need not have visited an establishment or requested service if the plaintiff knows doing so will result in discrimination. See 42 U.S.C. §12188. Title III does not "require a person with a disability to engage in a futile gesture if such

4

person has actual notice that a person or organization covered by this subchapter *does not intend to comply with its provision*." Id. (emphasis added). However, to invoke the "futile gestures" exception, an ADA plaintiff must demonstrate actual knowledge of noncompliance. *See, e.g., Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (plaintiff must at least prove knowledge of the building barriers and demonstrate that they would visit the building in the future, but for those barriers); *Pickem v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136-37 (9th Cir. 2002) (an ADA plaintiff suffers an injury when they actually become aware of discriminatory conditions existing at a public accommodation and is thereby deterred from visiting or patronizing that accommodation); *Ramos v. Uber Techs., Inc.*, Civil Action No. SA-14-CA-502-XR, 2015 U.S. Dist. LEXIS 20914, at *20 (W.D. Tex. 2015). Therefore, to have standing Plaintiff must have had actual notice that Premier was not in compliance with the ADA. *Id.* As a matter of law, Plaintiffs Amended Complaint affirmatively negates any such actual knowledge.

In her Amended Complaint, Plaintiff alleged multiple telephone conversations with Defendant's staff concerning her desire to treat at Defendant's facility. Plaintiff has alleged that, over the course of these telephone calls: 1) Defendant agreed to treat Plaintiff, with or without an interpreter (Docket No. 11, ¶ 16); 2) Defendant offered accommodations and auxiliary aids for effectively communicating with deaf patients (Id.); and 3) Plaintiff insisted on the specific accommodation of an ASL interpreter (Id., ¶ 17, 19, 20). Following these calls, Plaintiff did not schedule a therapy appointment but instead sought treatment elsewhere. (Id., ¶ 17). Because Plaintiff never scheduled her appointment and never attempted to actually communicate with Defendant's staff through the offered accommodations and aids or others available to a health care provider under the ADA, Plaintiff cannot have had actual knowledge that Defendant could not effectively make aurally delivered information available to a deaf individual such as Plaintiff as required by the ADA. See 28 C.F.R. § 36.303. Therefore, as a matter of law, Plaintiff does

5

not have the requisite actual knowledge of an ADA violation in order to invoke the futile gestures exception under the ADA. *Steger*, 228 F.3d at 892; *Pickem*, 293 F.3d at 1136-37; *Ramos*, 2015 U.S. Dist. LEXIS 20914, at *20. Accordingly, Plaintiff has not suffered an injury in fact and does not have standing to sue under the ADA.

> C. **Plaintiff Also Lacks Standing Under The ADA, Rehabilitation Act and Affordable Care Act Because The Alleged Future Injury Is Entirely Speculative and, Consequently, Cannot Support Injunctive Relief.**

When a request for injunctive relief is based upon a past wrong, a plaintiff must show a "real or immediate threat that the plaintiff will be wronged again-a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983). A past statutory violation alone is insufficient to establish a concrete risk of future harm to establish standing for injunctive relief. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016); *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir, 1998). Article III standing requires a plaintiff seeking injunctive relief to allege "actual or imminent" and not merely "conjectural or hypothetical" injury. *Frame v. City of Arlington*, 657 F.3d 215, 235-36 (5th Cir. 2011). Mere "some day" intentions to use a public accommodation, "without any description of concrete plans," does not support standing. *See Id.*

Here, Plaintiff cannot even establish a past statutory violation under the ADA, Rehabilitation Act or Affordable Care Act to warrant a fear of future discrimination since she refused to schedule an appointment and never made an actual attempt to use Defendant's services to determine if Defendant could effectively communicate with her using the auxiliary aids and methods permitted by the ADA. (Docket No. 11, ¶ 17). Plaintiff merely assumed that Defendant's staff could not communicate effectively using the proffered auxiliary aids and services, and her allegation in her Amended Complaint "that those methods would not work for her" is pure speculation. Id.

6

Moreover, Plaintiff failed to plead any concrete intent to return to defendants' facility, or that she is otherwise affected by defendants' alleged statutory violations in a concrete way. *See Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 174 (5th Cir. 2018). Plaintiff claimed that since the events of 2016/2017, in which she was allegedly denied Defendant's services, Plaintiff has received physical therapy treatment from other providers and undergone back surgery. (Docket No. 11, ¶ 22, 23). While Plaintiff allegedly "still wishes" to treat with Defendant, she has not alleged any concrete intent to do so, and her pleadings instead suggest that the medical issue that caused her to seek Defendant's services is now moot.

Plaintiff does not allege that she had sought or received health care services from Defendant before or after her contacts with Defendant in 2016/2017. Nor does Plaintiff articulate a "concrete plan" to seek treatment from Defendant in the future. Therefore, Plaintiff's alleged prospective injury is entirely speculative, hypothetical, and premature. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983); *Frame v. City of Arlington,* 657 F. 3d at 235, quoting *Lujan,* 504 U.S. at 560. Accordingly, there is no injury and there is no ability for this Court to provide redress. *Cox,* 256 F.3d at 303. Consequently, Plaintiff lacks standing under the ADA, Rehabilitation Act and Affordable Care Act.

## II. BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS, AS A MATTER OF LAW THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM.

Supplemental jurisdiction over a state law claim exists under 28 U.S.C. § 1367(a) if the state claim is related to "claims in the action within [the district court's] original jurisdiction[.]" Id.[1] Because the Court lacks subject matter jurisdiction over Plaintiff's federal claims there is no

---

[1] Section 1367(a) states (emphasis added): "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

7

"original jurisdiction" which can give rise to supplemental jurisdiction under §1367. Accordingly, Plaintiffs state law claim(s) must also be dismissed for lack of jurisdiction.

### III. EVEN ASSUMING, ARGUENDO, THE EXISTENCE OF STANDING AND SUBJECT MATTER JURISDICTION, PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

#### A. Applicable Law—FED. R. CIV. P. 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief–including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Federal Rule of Civil Procedure 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n. 3. Thus, although a court must accept all well-pleaded factual allegations in the complaint as true, it need not credit bare legal conclusions which are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678. Under a Rule 12(b)(6) analysis, "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (*quoting Iqbal*, 556 U.S. at 678). To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Twombly*, 556 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task

8

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (internal citation omitted).

### B. Plaintiff Fails To State A Claim Under The ADA And Rehabilitation Act Because The Law Does Not Guarantee Her The Accommodation Of Her Choice.

To make out a claim for violating Title III of the ADA, Plaintiff must establish that (1) she is disabled, (2) that Defendant is a private entity that owns, leases, or operated a place of public accommodation and (3) Defendant discriminated against Plaintiff because of Plaintiffs disability. 42 U.S.C.§ 12182(a). Plaintiff has failed to allege a plausible right to relief under the ADA. Title III of the ADA provides that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. §36.303(c)(l). Appropriate auxiliary aids and services may include live or remote interpreters, written materials, exchange of written notes or "other effective means of making aurally delivered information available to individuals who are deaf or hard of hearing." Id. at §36.303(b)(1).

Section 504 of the Rehabilitation Act prohibits disability discrimination by recipients of federal funding. *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). Specifically, Section 504 provides that no qualified person with a disability "shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §794(a). The ADA and the Rehabilitation Act are to be interpreted together in *pari materia*. *Kemp v. Holder*, 610 F.3d 231, 234-35 (5th Cir. 2010); *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d

9

272, 287-88, 289 n. 76 (5th Cir. 2005) (*en banc*). Moreover, "nothing in [the ADA] shall be construed to apply a lesser standard than the standard applied title V [i.e., §504] of the Rehabilitation Act . . . or the regulations issued by Federal agencies pursuant to such title." *See Frame*, 657 F.3d at 223-24, *quoting* 42 U.S.C. § 12201(a).

To make a claim for compensatory damages under the Rehabilitation Act, the plaintiff must show that (1) her rights were violated under the Section 504, and (2) the defendant did so with discriminatory intent. *Campbell v. Lamar Institute of Technology*, 842 F.3d 375, 380 (5th. Cir. 2016); *Martin v. Halifax Healthcare System, Inc.*, 621 F. App'x. 594, 603-04 (11th Cir. 2015). Discrimination under the Rehabilitation Act includes failure to make reasonable accommodations. 29 U.S.C. §794(a). However, the duty to provide reasonable accommodations does not impose a duty to provide the plaintiff with the accommodation of her choice. *See Martin*, 621 F.. App'x. at 601-02 (denial of a request for a specific auxiliary aid does not always create liability under the ADA or Rehabilitation Act because "construing the regulations in this manner would effectively substitute 'demanded' auxiliary aid for 'necessary' auxiliary aid.") *See Id., quoting Liese v. Indian River County Hospital District*, 701 F.3d 334, 343 (11th Cir. 2012); *see also Campbell*, 842 F.3d at 381 (an institution is not duty bound to acquiesce in and implement every accommodation a disabled individual demands).

Here, Plaintiff alleges she did not make an appointment because she assumed she would not have been able to effectively communicate with the staff using the facility's auxiliary aids and services. (Docket No. 11, ¶ 17). Plaintiff refused to make her appointment because her demand for a particular accommodation was not guaranteed in advance. (Id., ¶ 17, 19, 20). Plaintiff was not entitled in advance to a guarantee of the accommodation of her choice. *Martin*, 621 F. App'x. at 601-02; *Campbell*, 842 F.3d at 381. Therefore, Plaintiff's Amended Complaint

10

fails to state a claim for which relief may be granted under the ADA and Rehabilitation Act. The allegations of Plaintiff's pleading fail to establish a plausible right to relief.

### C. Plaintiff Fails To State A Claim Under The Affordable Care Act Because She Was Never Deprived Of Auxiliary Aids And Services.

The ACA defines "auxiliary aids and services" identically to the ADA, including the catchall of "other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing." 45 C.F.R. 92.4. Plaintiff's Affordable Care Act allegations are merely a regurgitation of her ADA and Rehabilitation Act contentions, i.e., her accusation Defendant violated the statute by refusing in advance to guarantee her the accommodation of her choice–an ASL interpreter. The allegations fail to state a claim for reasons similar to those stated above. Plaintiff was not entitled to the accommodation of her choice and, because Plaintiff refused to make an appointment, she can not establish that Defendant's methods of making aurally delivered information available would not work for her. All allegations in her pleading to the contrary are, necessarily, speculation and conjecture, insufficient to establish a plausible right to relief.

### D. Plaintiff Fails To State A Claim Under State Law.

Plaintiff purports to allege a violation of Texas law, Texas Human. Resources Code §121.003, predicated on the same factual allegations as her federal claims. (Docket No. 11, ¶ 64). As a matter of law, Plaintiffs allegations fail to state a claim because §121.003 "[b]y its own terms, [§121.003] applies to the admission and access to public facilities." *Dabney v. Highland Park Indep. Sch. Dist.*, Civil Action No. 3:15-CV-2122-L, 2016 U.S. Dist. LEXIS 44302, at *14 (N.D. Tex. 2016); *accord Sadik v. Univ. of Hous.*, No. H-03-4296, 2005 U.S. Dist. LEXIS 50074, at *27 (S.D. Tex. 2005) ("As its terms indicate, that provision applies primarily to physical access to public facilities[.]"). Plaintiff does not allege–and cannot establish–that she

11

was denied access or admission to any public facility. *See Dabney, supra* (dismissing §121.003 claim where plaintiffs failed to allege denial of physical access to the building).

IV. **ASSUMING, ARGUENDO, THAT THE COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS, BUT THAT THOSE CLAIMS FAIL TO STATE A CLAIM UNDER RULE 12(b)(6), THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM.**

If the Court concludes that it has subject matter jurisdiction over Plaintiff's federal claims, i.e., that Plaintiff has standing, but that the federal claims should be dismissed under Rule 12(b)(6), the Court should decline to exercise pendent jurisdiction over Plaintiffs state law claim. *See, e.g., Brookshire Bros Holding v. Dayco Prods.*, 554 F. 3d 595, 602 (5th Cir. 2009) (the court may "decline to exercise supplemental jurisdiction over remaining state law claims when all federal law claims are eliminated."); *MacClymonds v. IMI Invs., Inc.*, No. H-05-2595, 2007 U.S. Dist. LEXIS 40019, at *23-24 (S.D. Tex. 2007) (recommending summary judgment for defendant on ADA and Rehabilitation Act claims, and dismissal of pendent state law claims under Texas Human Resources Code §121.003); *Martinson v. Via Metro. Transit,* No. SA-05-CV-0341-RF, 2006 U.S. Dist. LEXIS 80555, at *17-18 (W.D. Tex. 2006) (remanding disability discrimination claims under §121.003 following dismissal of ADA and Rehabilitation Act claims).

## CONCLUSION AND REQUESTED RELIEF

The Court lacks subject matter jurisdiction over Plaintiff's claims under the ADA, Rehabilitation Care Act and Affordable Care Act, and it should decline to exercise jurisdiction over Plaintiff's state law claims. Plaintiff lacks standing to sue under the ADA, Rehabilitation Act and Affordable Health Care Act because her claims of discrimination and failure to accommodate her disability are speculative and any alleged harm is not imminent. Plaintiff fails to state a claim on which relief may be granted under the various statutes she has invoked,

because none of the cited statutes guarantees Plaintiff her preferred accommodation for her disability of deafness.

For the foregoing reasons set forth in this Motion and Brief, Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) should be granted, and Plaintiff's claims in this matter be dismissed in their entirety.

>Respectfully submitted,
>
>WATSON, CARAWAY,
>MIDKIFF & LUNINGHAM, L.L.P.
>
>/s/ Brian Scott Bradley
>Brian Scott Bradley
>State Bar No. 90001672
>sbradley@watsoncaraway.com
>309 West 7th Street
>1600 Oil & Gas Building
>Fort Worth, Texas 76102
>Ph: (817) 870-1717 | Fax: (817) 338-4842
>**ATTORNEY FOR DEFENDANT**
>**PREMIER REHAB KELLER, PLLC**

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of November, 2018, that a true and correct copy of the foregoing instrument was filed in paper form with the Clerk of the Court for the U.S. District Court, Northern District of Texas and was served to all parties as follows:

| | |
|---|---|
| Andrew Rozynski, Esq.<br>EISENBERG & BAUM, LLP<br>24 Union Square East, Fourth Floor<br>New York, NY 10003<br>Telephone: (212) 353-8700<br>Facsimile: (212) 353-1708<br>arozynski@eandblaw.com | *Via Regular Mail* |

AND

| | |
|---|---|
| Thomas S. Brandon, Jr.<br>WHITAKER CHALK SWINDLE & SCHWARTZ, PLLC<br>301 Commerce Street, Suite 3500<br>Fort Worth, TX  76102<br>Telephone: (817) 878-0500<br>Facsimile: (817) 878-0501<br>tbrandon@whitakerchalk.com<br>**ATTORNEYS FOR PLAINTIFF** | *Via Regular Mail* |

_____
Brian Scott Bradley

14