


CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED
2018 DEC -6 AM 11:29
DEPUTY CLERK _AN_

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00649-A |
| | § | |
| PREMIER REHAB, P.L.L.C. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Respectfully submitted,

**Thomas S. Brandon, Jr.**
Texas Bar No. 02881400
tbrandon@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce St., Suite 3500
Fort Worth, TX 76102
817-878-0500 (main)
817-878-0532 (direct)
817-878-0501 (fax)

**Andrew Rozynski**
New York Bar No. 5054465
arozynski@eandblaw.com

**EISENBERG & BAUM, LLP**
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (main)
212-353-1708 (fax)

**ATTORNEYS FOR PLAINTIFF JANE CUMMINGS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ........................................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

    I.    Ms. Cummings Has Standing to Sue, and She Need Not Engage in Futile Gestures Like Making Appointments Because Premier Rehab Refused to Provide Sign Language Interpreters ................................................................................................................... 3

    II.   Ms. Cummings States a Plausible Claim for Disability Discrimination Because Using Interpreters Is a Necessity, Not Her Preference .......................................................... 5

        A.   Legal Standard ...................................................................................................... 5

        B.   Application ............................................................................................................ 6

    III.  Leave to Replead ........................................................................................................... 9

CONCLUSION .......................................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................5

*Biondo v. Health*,
   No. 15-CV-362-FPG-LGF, 2018 U.S. Dist. LEXIS 60789 (Apr. 10, 2018) .......................7

*Bracken v. G6 Hospitality LLC*,
   No. 4:14-CV-644-ALM-CAN, 2016 U.S. Dist. LEXIS 95242 (E.D. Tex. June 3, 2016) .........6

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ..............................................................................................................3

*Dabney v. Highland Park Indep. Sch. Dist.*,
   No. 3:15-CV-2122-L, 2016 U.S. Dist. LEXIS 44302 (N.D. Tex. Mar. 31, 2016) ..............5

*Erickson v. Pardus*,
   551 U.S. 89 (2007) ..............................................................................................................6

*Esparza v. Univ. Med. Ctr. Mgmt. Corp.*,
   No. 17-4803, 2017 U.S. Dist. LEXIS 142944 (E.D. La. Sept. 5, 2017) .............................7

*Fair Hous. Justice Ctr., Inc. v. Allure Rehab. Servs. LLC*,
   No. 15 CV 6336 (RJD) (LB), 2017 U.S. Dist. LEXIS 157882 (E.D.N.Y. Sept. 26, 2017) ........8

*Frame v. City of Arlington*,
   657 F.3d 215 (5th Cir. 2011) ......................................................................................1, 2, 4

*Godbey v. Iredell Mem'l Hosp., Inc.*,
   No. 5:12-cv-00004-RLV-DSC, 2013 U.S. Dist. LEXIS 117129 (W.D.N.C. Aug. 19, 2013) ....9

*Green v. Oceans Behavioral Hosp. of Kentwood, LLC*,
   No. 17-12215, 2018 U.S. Dist. LEXIS 56586 (E.D. La. Apr. 3, 2018) ..............................8

*Kemp v. Holder*,
   610 F.3d 231 (5th Cir. 1991) (per curiam) ......................................................................4, 6

*Krim v. pcOrder.com, Inc.*,
   402 F.3d 489 (5th Cir. 2005) ..............................................................................................3

*Liese v. Indian River Cty. Hosp. Dist.*,
   701 F.3d 334 (11th Cir. 2012) ......................................................................................7

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ...................................................................................5, 6

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .................................................................................................3, 5

*MacKenzie v. Carson*,
   No. 3:15-CV-0752-D, 2017 U.S. Dist. LEXIS 193289 (N.D. Tex. Nov. 22, 2017) ..................9

*Pickern v. Holiday Quality Foods*,
   293 F.3d 1133 (9th Cir. 2002) ...................................................................................2, 4

*Rittgers v. United States*,
   131 F. Supp. 3d 644 (S.D. Tex. 2015) .......................................................................5, 9

*Sadik v. Univ. of Houston*,
   No. H-03-4296, 2005 U.S. Dist. LEXIS 50074 (S.D. Tex. Aug. 1, 2005) ...........................5

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ..................................................................................................3

*U.S. E.E.O.C. v. UPS Supply Chain Solutions*,
   620 F.3d 1103 (9th Cir. 2010) ......................................................................................2

**Regulations**

28 C.F.R. § 35.160 ...............................................................................................................7

28 C.F.R. § 36.303 .......................................................................................................6, 7, 8

45 C.F.R. § 92.201 ..........................................................................................................7, 8

45 C.F.R. § 92.202 ...............................................................................................................7

**Rules**

Fed. R. Civ. P. 15 ..................................................................................................................9

**Statutes**

29 U.S.C. § 794 ................................................................................................................1, 6

42 U.S.C. § 12101 ..........................................................................................................................6

42 U.S.C. § 12103 ..........................................................................................................................7

42 U.S.C. § 12181 ..........................................................................................................................1

42 U.S.C. § 12188 ..........................................................................................................................4

42 U.S.C. § 18116 ..................................................................................................................1, 4, 6

## Other Authorities

Effective Communication, U.S. Dep't of Justice,
    *available at* http://www.ada.gov/effective-comm.htm (last accessed Dec. 5, 2018) .................7

## INTRODUCTION

Plaintiff Jane Cummings, both deaf and legally blind, primarily communicates in sign language. (Am. Compl. ¶¶ 5, 11, ECF No. 11.) In the fall of 2016, she contacted Defendant Premier Rehab, P.L.L.C., which offers physical therapy services, to treat chronic back pain. (*Id.* ¶¶ 6, 13.) Ms. Cummings requested an interpreter, but Premier Rehab refused—on three occasions—in violation of federal antidiscrimination laws. (*Id.* ¶¶ 15–17, 19–20, 33, 48, 54.) Ms. Cummings explained that the other auxiliary aids Premier Rehab offered to provide—gesturing, lip reading, and written notes—would be ineffective because of her vision problems and limited proficiency in English. But Premier Rehab did not budge. (*Id.* ¶¶ 10, 12, 16–17.) As a result, she scheduled an appointment elsewhere, received unsatisfactory care, and then chose to undergo spinal surgery. (*Id.* ¶¶ 17, 21, 23.)

Ms. Cummings brings this action for disability discrimination seeking injunctive relief and money damages. She alleges that Premier Rehab violated the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"); the Rehabilitation Act, 29 U.S.C. § 794; the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116; and section 121.003 of the Texas Human Resources Code. Premier Rehab moved to dismiss these claims, presenting two main arguments: (1) Ms. Cummings suffered no injury-in-fact under the standing doctrine because she never scheduled an appointment and thus merely assumed that the other auxiliary aids would be ineffective, and (2) Ms. Cummings is not entitled to the accommodation of choice. (Def.'s Br. at 4–7 & 9–11, ECF No. 14.)

As explained below, however, Premier Rehab's arguments are without merit. First, "a disabled individual need not engage in futile gestures before seeking an injunction" if the individual can show, as Ms. Cummings did, that the alleged barrier "actually affects [her] activities

in some concrete way." *Frame v. City of Arlington*, 657 F.3d 215, 236 (5th Cir. 2011). So when, as here, "a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury." *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1136–37 (9th Cir. 2002). Second, Ms. Cummings plausibly alleged that using an interpreter is a necessity, not her preference. As a result of her vision problems and limited proficiency in English, it is her only effective means of communication. (Am. Compl. ¶¶ 10, 12, 16–17.) For these reasons further explained below, the Court should deny Premier Rehab's motion.

## BACKGROUND

Ms. Cummings is deaf and primarily communicates in American Sign Language ("ASL").[1] (*Id.* ¶ 5.) Writing is an ineffective means of communication for her because she has limited proficiency in English—both spoken and written forms. (*Id.* ¶¶ 10, 12.) To make matters worse, Ms. Cummings suffers from the congenital disorder of albinism, which has made her legally blind. (*Id.* ¶ 11.)

Premier Rehab provides physical therapy services and is a public accommodation that receives "federal financial assistance, including Medicare and/or Medicaid reimbursements." (*Id.* ¶ 6.) As a result of arthritis and a work injury, Ms. Cummings experiences substantial and chronic back pain. (*Id.* ¶ 13.) Two of her physicians touted Premier Rehab as "the best rehabilitation clinic in the area." (*Id.* ¶¶ 14, 18.) Between October 2016 and February 2017, Ms. Cummings tried three times to set up an appointment, but Premier Rehab refused to provide an ASL interpreter. (*Id.*

---

[1] "ASL is a visual, three-dimensional, non-linear language, and its grammar and syntax differ from the grammar and syntax of English and other spoken languages." *U.S. E.E.O.C. v. UPS Supply Chain Solutions*, 620 F.3d 1103, 1006 (9th Cir. 2010). "In many cases, there is no one-to-one correspondence between signs in ASL and words in the English language." *Id.*

¶¶ 15–17, 19–20.) Instead, if she did not bring her own interpreter, the staff would communicate with her through gesturing, lip reading, and written notes. (*Id.* ¶ 16.) Although Ms. Cummings explained that these auxiliary aids would be ineffective because of her vision problems and limited proficiency in English, Premier Rehab still refused. (*Id.* ¶¶ 16–17, 19–20.)

Ms. Cummings never scheduled an appointment with Premier Rehab. (*Id.* ¶¶ 16–17.) After receiving unsatisfactory care at another clinic, she chose to undergo spinal surgery. (*Id.* ¶¶ 17, 21, 23.) Ms. Cummings "still wishes to access [Premier Rehab's] services" because of her physicians' recommendations but is deterred from doing so based on Premier Rehab's conduct. (*See id.* ¶ 28.)

## ARGUMENT

### I. Ms. Cummings Has Standing to Sue, and She Need Not Engage in Futile Gestures Like Making Appointments Because Premier Rehab Refused to Provide Sign Language Interpreters

Premier Rehab first challenges whether Ms. Cummings has standing, (Def.'s Br. at 4–7), which goes to the Court's subject matter jurisdiction, *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). Ms. Cummings, as the party invoking federal jurisdiction, bears the burden of proof and must show that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). To establish standing to seek injunctive relief, a plaintiff must show a "real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

All three requirements have been met. First, Ms. Cummings alleged that she suffered an injury in fact when Premier Rehab denied equal services through its refusal to provide an ASL interpreter and acted with deliberate indifference to her civil rights. (Am. Compl. ¶¶ 16–17, 19–

20, 24.) Second, she alleged that this injury is casually connected to Premier Rehab because its staff denied these services. (*Id.*) Third, Ms. Cummings plausibly alleged that she would have sought Premier Rehab's services again but is now deterred from doing so out of fear of discrimination. (*Id.* ¶ 28.)

Contrary to Premier Rehab's argument, (Def.'s Br. at 5), the fact that Ms. Cummings never scheduled an appointment is irrelevant, and she may seek injunctive relief. That is because "a disabled individual need not engage in futile gestures before seeking an injunction; the individual must show only that [the alleged barrier] actually affects [her] activities in some concrete way." *Frame*, 657 F.3d at 236; 42 U.S.C. § 12188(a)(1) (describing the futile-gestures exception under the ADA). Premier Rehab contends that without scheduling an appointment, Ms. Cummings "cannot have had actual knowledge that [Premier Rehab] could not effectively make aurally delivered information available to a deaf individual . . . as required by the ADA." (Def.'s Br. at 5.) But to accept this argument is to strip all meaning from the phrase "futile gestures." Ms. Cummings has plausibly alleged that despite her best efforts, Premier Rehab continually refused to provide an ASL interpreter. (Am. Compl. ¶¶ 16–17, 19–20.) The Amended Complaint, when accepted as true for the purposes of this motion, shows that other forms of communication would be ineffective and yet Premier Rehab refused to accommodate Ms. Cummings. (*Id.* ¶¶ 10, 12, 16–17.) Under the ADA (and thus the Acts),[2] "once a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury." *Pickern*, 293 F.3d at 1136–37. To put it another way, Ms. Cummings was not required to schedule an appointment because she knew that

---

[2] *See Kemp v. Holder*, 610 F.3d 231, 234–35 (5th Cir. 1991) (per curiam) (applying the same substantive standard for claims under the ADA and the Rehabilitation Act); 42 U.S.C. § 18116(a) (extending the standards under the Rehabilitation Act to the Affordable Care Act).

4

doing so would be futile.

Of course, intentions to return "some day" are not enough for standing purposes, *Lujan*, 504 U.S. at 564, but it is plausible that despite her spinal surgery, Ms. Cummings will continue to experience back pain throughout her life and so she wants to use Premier Rehab's services, which her physicians have praised as "the best physical therapy services in the area," (Am. Compl. ¶¶ 14, 18, 23). Thus, Ms. Cummings has shown that she has standing to sue under the Acts.

## II. Ms. Cummings States a Plausible Claim for Disability Discrimination Because Using Interpreters Is a Necessity, Not Her Preference[3]

### A. Legal Standard

A complaint need only provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible." *Rittgers v. United States*, 131 F. Supp. 3d 644, 649 (S.D. Tex. 2015). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When undertaking this analysis, the Court must "accept all factual allegations in the

---

[3] As an initial matter, Ms. Cummings agrees to dismiss her state-law claim under section 121.003 of the Texas Human Resources Code. That section "applies primarily to physical access to public facilities for disabled individuals," and Ms. Cummings "was never denied physical access to any public facilities." *See Sadik v. Univ. of Houston*, No. H-03-4296, 2005 WL 1828588, 2005 U.S. Dist. LEXIS 50074, at *27 (S.D. Tex. Aug. 1, 2005); *Dabney v. Highland Park Indep. Sch. Dist.*, No. 3:15-CV-2122-L, 2016 U.S. Dist. LEXIS 44302, at *14 (N.D. Tex. Mar. 31, 2016) (same).

5

complaint as true" and "draw all reasonable inferences in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). At bottom, the Federal Rules of Civil Procedure require "only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).

### B.     Application

Congress enacted the ADA "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(2). The relevant ADA provision in this case is Title III, which prohibits discrimination by a public accommodation like Premier Rehab. Courts within the Fifth Circuit have applied the same substantive standard for claims arising under the ADA, the Rehabilitation Act, and the Affordable Care Act (together, the "Acts") because they all prohibit discrimination on the basis of a disability.[4] *See Kemp*, 610 F.3d at 234–35; 42 U.S.C. § 18116(a). To prove a violation under these statutes, Ms. Cummings must show that: (1) she is disabled within the meaning of the Acts; (2) Premier Rehab is subject to the Acts; and (3) Ms. Cummings was denied public accommodations by Premier Rehab because of her disability. *See Bracken v. G6 Hospitality LLC*, No. 4:14-CV-644-ALM-CAN, 2016 U.S. Dist. LEXIS 95242, at *14–15 (E.D. Tex. June 3, 2016). She plausibly alleged the first two elements, so the focus is on the third. (Am. Compl. ¶¶ 16–17, 19–20, 24.)

To comply with the third element, Premier Rehab was obligated to "furnish appropriate auxiliary aids and services [] necessary to ensure effective communication" between

---

[4] Although the ADA does not contain a federal-funding requirement like the Rehabilitation Act, 29 U.S.C. § 794(a), Ms. Cummings plausibly alleged that Premier Rehab receives "federal financial assistance, including Medicare and/or Medicaid reimbursements," (Am. Compl. ¶ 6).

6

Ms. Cummings and Premier Rehab's staff. 28 C.F.R. § 36.303(c)(1). Effective communication is a two-way street, requiring all parties to be able to "receive information from, and convey information to," one another. Effective Communication, U.S. Dep't of Justice, *available at* http://www.ada.gov/effective-comm.htm (last accessed Dec. 5, 2018). Thus, included in the definition of "auxiliary aids and services" is "qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments." 42 U.S.C. § 12103(1)(A); *see also* 28 C.F.R. § 36.303(b) (providing examples of "auxiliary aids and services"); 45 C.F.R. § 92.202(a) (explaining that under the ACA regulations, a covered entity must conduct an individualized assessment to find out what auxiliary aids and services are required).

Whether auxiliary aids or services provided effective communication is "inherently fact-intensive," and thus the question is generally inappropriate even for summary judgment, let alone the motion-to-dismiss stage. *See, e.g., Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 342 (11th Cir. 2012). Against this backdrop, Premier Rehab contends that an individual is "not entitled to the accommodation of her choice." (Def.'s Br. at 11.) That is generally true unless the individual's choice is "necessary to ensure effective communication." *Biondo v. Health*, No. 15-CV-362-FPG-LGF, 2018 WL 1726533, 2018 U.S. Dist. LEXIS 60789, at *9 (Apr. 10, 2018). This is the case here.[5] Moreover, ACA regulations require that when determining how to provide meaningful access, a covered entity must "give substantial weight to . . . the individual with limited

---

[5] Additionally, jurisprudence interpreting Title II of the ADA "is applicable to *both* Title II *and* [the Rehabilitation Act]" and by extension the ACA, which incorporates the Rehabilitation Act. *See Esparza v. Univ. Med. Ctr. Mgmt. Corp.*, No. 17-4803, 2017 WL 3868955, 2017 U.S. Dist. LEXIS 142944, at *7, *21 (E.D. La. Sept. 5, 2017). Under Title II (and thus the Acts), when "determining what types of auxiliary aid and service are necessary, a public entity shall give *primary consideration* to the requests of the individual with disabilities." 28 C.F.R. § 35.160(b)(2) (emphasis added).

English proficiency." 28 C.F.R. § 92.201(b).

Ms. Cummings plausibly alleged that Premier Rehab refused to provide the only effective form of communication: ASL interpreters. (Am. Compl. ¶¶ 16–17, 19–20.) Premier Rehab even suggested that Ms. Cummings could bring her own interpreter, (*id.* ¶ 16), but a public accommodation cannot require a disabled person to provide her own interpreter or rely on a person accompanying her to serve as the translator, 28 C.F.R. § 36.303(c)(2)–(3). Ms. Cummings explained that the other auxiliary aids Premier Rehab offered to provide—gesturing, lip reading, and written notes—would be ineffective because of her vision problems and limited proficiency in English, but Premier Rehab "maintained its refusal." (Am. Compl. ¶¶ 10, 12, 16–17.) "The Fifth Circuit has held that such conduct, if proven, can support a finding of intentional discrimination in violation of the [Acts]." *See Green v. Oceans Behavioral Hosp. of Kentwood, LLC*, No. 17-12215, 2018 WL 1604991, 2018 U.S. Dist. LEXIS 56586, at *13 (E.D. La. Apr. 3, 2018) (reviewing allegations where a plaintiff "repeatedly requested a sign language interpreter," "defendants denied or failed to respond to these requests," and defendants "were aware of his obvious disability[] and intentionally discriminated against him with deliberate indifference to his rights and communication needs"). That is to say, an "outright refusal to provide an interpreter, as a matter of policy, demonstrates an unwillingness to engage with the needs of the deaf persons and therefore violates the [Rehabilitation Act]." *Fair Hous. Justice Ctr., Inc. v. Allure Rehab. Servs. LLC*, No. 15 CV 6336 (RJD) (LB), 2017 WL 4297237, 2017 U.S. Dist. LEXIS 157882, at *11 (E.D.N.Y. Sept. 26, 2017).

In sum, Ms. Cummings has adequately plead facts that, when accepted as true, allow the Court to draw the reasonable inference that she would not be able to communicate with Premier Rehab's staff and she was denied public accommodations by Premier Rehab because of her

disability. Thus, the Amended Complaint contains "allegations that take the claim from conclusory to factual and beyond possible to plausible," and so Premier Rehab's motion to dismiss must be denied. *See Rittgers*, 131 F. Supp. 3d at 649; *see also Godbey v. Iredell Mem'l Hosp., Inc.*, No. 5:12-cv-00004-RLV-DSC, 2013 WL 4494708, 2013 U.S. Dist. LEXIS 117129, at *20 (W.D.N.C. Aug. 19, 2013) (observing that "qualified sign-language interpreters may be the only effective communication option for some").

### III. Leave to Replead

"The determination whether to grant leave to replead is a matter within this court's discretion." *MacKenzie v. Carson*, No. 3:15-CV-0752-D, 2017 WL 5626349, 2017 U.S. Dist. LEXIS 193289, at *27 (N.D. Tex. Nov. 22, 2017). If the Court disagrees with the arguments above, Ms. Cummings requests leave to amend. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Ms. Cummings can provide further insight into her communication abilities, including her limited proficiency in English and the inadequacies of lip reading and note writing based on her vision problems, among other things.

### CONCLUSION

The Defendant's Motion to Dismiss should in all things be denied and/or in the alternative that Plaintiff be allowed to replead her claims.

Respectfully submitted,

*/s/ Thomas S. Brandon*
**Thomas S. Brandon, Jr.**
Texas Bar No. 02881400
tbrandon@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce St., Suite 3500
Fort Worth, TX 76102
817-878-0500 (main)
817-878-0532 (direct)
817-878-0501 (fax)

**Andrew Rozynski**
New York Bar No. 5054465
arozynski@eandblaw.com

**EISENBERG & BAUM, LLP**
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (main)
212-353-1708 (fax)

ATTORNEYS FOR PLAINTIFF JANE CUMMINGS

## CERTIFICATE OF SERVICE

In compliance with the Court's Standing Order, I certify that I filed a copy of this document in paper form with the Court on December 6th, 2018. I also served a copy on the Defendant, Premier Rehab, P.L.L.C., by serving its attorneys of record, namely, Brian Scott Bradley, WATSON, CARAWAY, MIDKIFF & LUNINGHAM, LLP, located at 309 West 7th Street, 1600 Oil & Gas Building, Fort Worth, Texas 76102, by first-class mail, postage prepaid, and through the ECF filing system according to the Federal Rules of Civil Procedure.

_____
**Thomas S. Brandon, Jr.**